# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JARVIN O'NEAL NASH, | Case No. EDCV 19-01286-FMO (AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| DEAN BORDER, Warden, | |
| Respondent. | |

**BACKGROUND**

On July 12, 2019, Jarvin O'Neal Nash ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner challenges his 2005 conviction for attempted first degree robbery and the resulting 25-years-to-life sentence in the Los Angeles County Superior Court (Case No. FSB045154). The Petition alleges

numerous claims, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, insufficiency of the evidence, prosecutorial misconduct, actual innocence, and the Superior Court's abuse of discretion in not allowing Petitioner to proceed with a successive habeas petition. (See Petition at 6-10, 15, 20, 24, 28-59)[1].

On February 5, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging the same conviction and sentence. See Jarvin O'Neal Nash v. V.M. Almager, Case No. EDCV 08-00149-MMM (VBK); Docket Entry No. 1 ("prior habeas action"). On October 30, 2009, the district court issued an Order and Judgment denying that habeas petition with prejudice, in accordance with the findings and recommendations of the assigned Magistrate Judge. (Id.; Docket Entry Nos. 17-19).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined

---

[1] The Court cites to the Petition by the page numbers assigned by CM/ECF.

2

by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the

3

subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on July 12, 2019, and the prior habeas action both challenge Petitioner's custody pursuant to the same 2005 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). Contrary to Petitioner's assertion (see Petition at 62), no such authorization has been obtained in this case. (See Petition, Attachment (2 pages) [Ninth Circuit Court of Appeal's June 13, 2019 Order denying Petitioner application to file a second or successive petition in the district court]).

To the extent that petitioner is attempting to allege a claim of actual innocence based on a learning disability and/or his lack

4

of knowledge of his co-defendant's actions in an attempt to bypass the successive petition hurdle (see e.g., Petition at 15, 20-33, 41-45, 48), see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations), Petitioner has failed to show the actual innocence exception applies in his case. Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329(1995)); see House v. Bell, 547 U.S. 518, 538 (2006)("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

Here, Petitioner's asserted claim of actual innocence is merely claims of legal insufficiency of the evidence and ineffective assistance of trial counsel. See Bousley v. United States, 523 U.S. 614, 623 (1998)("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006).

Moreover, Petitioner has not even purported to make a showing

of actual innocence, supported by new reliable evidence. See Schlup, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House v. Bell, 547 U.S. at 521; see Schlup, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin, 569 U.S. at 386 ("We caution, however, that tenable actual-innocence gateway pleas are rare").

Consequently, it does not appear that the actual innocence exception to filing a successive petition would apply, although this is a determination which must be made by the Ninth Circuit Court of Appeals.

Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]").

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 23, 2019

           _____/s/_____
             FERNANDO M. OLGUIN
           UNITED STATES DISTRICT JUDGE